UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------X

UNITED STATES OF AMERICA

       -v-

JAMES PETERSON,

                       Defendant.

------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/28/12

12 Cr. 409 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

The Court today filed an Opinion & Order denying defendant James Peterson's motion to suppress physical evidence. Peterson has also made two other motions, which the Court resolves in this Order. Familiarity with the Opinion, and the underlying facts of the case, are presumed.

## I. Peterson's Motion for Additional Discovery

Peterson asks the government to produce additional material, including (1) an unredacted copy of the 911 call and radio run, including the 911 Caller's name, telephone number, and address; (2) transcripts of testimony before a Bronx County Grand Jury which, Peterson claims, may be exculpatory; and (3) police reports related to the stop, frisk, and arrest of Peterson.

The government pledged to produce the requested grand jury testimony, and stated that it would produce the relevant police reports before the hearing on this motion, pursuant to the Jencks Act, 18 U.S.C. § 3500. These requests, therefore, appear to be moot.

Peterson's request for an unredacted copy of the 911 call and radio run is denied. Peterson asks for the unredacted copy because, he claims, "to determine whether the male caller is 'anonymous,' it is necessary to know whether he provided accurate information as to his identity (name, residence)." Def.'s Reply 10. That is incorrect.

[1]

"The government is not generally required to disclose the identity of confidential informants. Its interest in protecting the anonymity of informants who furnish information regarding violations of law is strong—withholding an informant's identity improves the chances that such a person will continue providing information and encourages other potential informants to aid the government." *United States v. Fields*, 113 F.3d 313, 324 (2d Cir. 1997) (internal quotation marks and citations omitted); *see also United States v. Abuhamra*, 389 F.3d 309, 324–25 (2d Cir. 2004). "Identification not only compromises the government's ability to use such sources in other investigations, it may expose them to retaliation by those against whom they have cooperated." *Abuhamra*, 389 F.3d at 324.

The privilege is not, however, absolute: "The defendant bears the burden of showing the need for disclosure of an informant's identity, *United States v. Manley*, 632 F.2d 978, 985 (2d Cir. 1980), and to do so must establish that, absent such disclosure, he will be deprived of his right to a fair trial." *Fields*, 113 F.3d at 324. That said, "[t]he need for disclosure is far less compelling when, as here, it is sought in connection with a pretrial suppression hearing on issues which do not bear on defendant's guilt." *Id.*

Peterson has not met that burden, both because the suppression question at issue does not bear directly on his guilt, and also because the identity of the informant is irrelevant to the legal matter presented by the suppression motion. As discussed at some length in today's accompanying Opinion, the only information relevant to the reasonable suspicion analysis is what the police officers knew, not what the 911 Caller told the 911 Operator. *See United States v. Colon*, 250 F.3d 130, 137 (2d Cir. 2001). In any event, the Court has reviewed the unredacted 911 call and radio run *in camera*, and can confirm that the 911 Caller did indeed provide a name, a phone number, and an address; and that the same address and apartment number was accurately

[2]

reflected in the redacted portion of the radio run. Accordingly, the Court declines to compel the government to provide the identifying information as to the informant in this case. In the event the government elects to call the informant as a witness at trial, the Court will reassess this ruling.

## II. The Signature of the Grand Jury Foreperson

Peterson also contends that the signature of the grand jury foreperson on the front of the indictment appears to be different from that on the back of the indictment. It is not clear what relief Peterson seeks for this perceived deficiency.

"'It is axiomatic that grand jury proceedings are accorded a presumption of regularity, which generally may be dispelled only upon particularized proof of irregularities in the grand jury process.'" *United States v. Basciano*, 763 F. Supp. 2d 303, 315 (E.D.N.Y. 2011) (quoting *United States v. Tranquillo*, 606 F. Supp. 2d 370, 381 (S.D.N.Y. 2009) (citing *United States v. Mechanik*, 475 U.S. 66, 75 (1986))). Although the signatures on the front and back of the indictment do not appear to be carbon copies of one another, they are not wildly different, and Peterson's mere suggestion that an irregularity might exist is not sufficient to overcome the presumption of regularity.

In any event, "the absence of the foreman's signature is a mere technical irregularity that is not necessarily fatal to the indictment." *Hobby v. United States*, 468 U.S. 339, 344 (1984); *see also Frisbie v. United States*, 157 U.S. 160, 163 (1895) ("[Grand juries] return into court only those accusations which they have approved, and the fact that they thus return them into court is evidence of such approval, and the formal indorsement loses its essential character."); *United States v. Willaman*, 437 F.3d 354, 361 (3d Cir. 2006) (failure of the grand jury foreperson to sign the indictment was a "mere technical deficiency" which did not "raise an issue entitling

[defendant] to relief"). Accordingly, even if Peterson's vague allegation of irregularity could be proven, it is of no moment.

## CONCLUSION

For the foregoing reasons, Peterson's application for additional discovery is denied, and his objection to the indictment is overruled as irrelevant.

SO ORDERED.

Paul A. Engelmayer
United States District Judge

Dated: September 28, 2012
       New York, New York